UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAUL RAMIREZ SOCORRO,

Petitioner,

v. Case No.: 2:26-cv-00826-SPC-NPM

FACILITY ADMINISTRATOR, KROME SERVICE PROCESSING CENTER,

Respondent,

___________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Raul Ramirez Socorro's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Ramirez Socorro's reply (Doc. 7).

Ramirez Socorro is a native of Cuba who entered the United States on September 14, 2007. Following a 2009 robbery conviction, an immigration judge ordered Ramirez Socorro removed to Cuba on June 10, 2013. Ramirez Socorro was in Immigration and Customs Enforcement ("ICE") custody until September 9, 2013, when ICE released him under an order of supervision.

On January 24, 2026, local police arrested Ramirez Socorro for battery and tampering with a witness and handed him over to ICE. The charges were dropped in February 2026, but Ramirez Socorro remains in ICE detention. He

challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Ramirez Socorro's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Ramirez Socorro has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2013, no change in circumstances makes removal to Cuba more likely now, and the government has not identified any other country willing to accept him. The burden thus shifts to the

respondents, but they make no attempt at rebuttal. The Court finds no significant likelihood Ramirez Socorro will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Ramirez Socorro's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Raul Ramirez Socorro's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Ramirez Socorro poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Ramirez Socorro may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on July 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record